IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Santander Bank, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No: 2:19-cv-00088-DSM |
| | § | |
| Empyrean Auto Group, LLC, | § | |
| Basin Subaru, LLC, Ronald J. | § | |
| Lillard, and Pete Martinez, JR., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiff Santander Bank, N.A. files its First Amended Complaint against Defendants Empyrean Auto Group, LLC, Basin Subaru, LLC, Ronald J. Lillard, and Pete Martinez, Jr., (collectively, "Defendants") and respectfully states as follows:

## INTRODUCTORY STATEMENT

Santander Bank, N.A. ("Santander") provided financing for Empyrean Auto Group, LLC and Basin Subaru, LLC, two affiliated companies that operate a number of automobile dealerships located in southern and western Texas. As part of the financing arrangements, Santander holds a security interest in all of the assets of those two companies to them. Both companies have defaulted under their financing arrangements with Santander, and in filing this Complaint, Santander is seeking to recover judgments against various parties who are liable for the loans Santander advanced.

### A.   PARTIES

1. Santander Bank, N.A. is a national banking association with its head office in Wilmington, Delaware and is a citizen of the State of Delaware.

2. Upon information and belief, Defendant Empyrean Auto Group, LLC ("Empyrean") is a Texas limited liability company with its principal place of business located at 3615 S. Padre Island Drive, Corpus Christi, Texas and is a citizen of the State of Texas. Empyrean has been served through its counsel of record, Nathaniel P. Holzer who has waived service of process by signing the Waiver of Service of Summons filed with this court on April 9, 2019.

3. Upon information and belief, Defendant Basin Subaru, LLC ("Basin") is a Texas limited liability company with its principal place of business located at 2800 W. Wall Street, Midland, Texas and is a citizen of the State of Texas. Basin has been served through its counsel of record, Nathaniel P. Holzer who has waived service of process by signing the Waiver of Service of Summons filed with this court on April 9, 2019.

4. Upon information and belief, Defendant, Ronald J. Lillard ("Lillard") is an individual residing in and a citizen of the State of Texas, and has been served through his counsel of record, Nathaniel P. Holzer who has waived service of process by signing the Waiver of Service of Summons filed with this court on April 9, 2019.

5. Upon information and belief, Defendant, Pete Martinez, Jr. ("Martinez") is an individual residing in and a citizen of the State of Texas, and has been served through his counsel of record, John M. Kash who has waived service of process by signing the Waiver of Service of Summons filed with this court on April 8, 2019.

**B. JURISDICTION AND VENUE**

6. This Court has jurisdiction to entertain this action under 28 U.S.C. §1332 because there is complete diversity of citizenship between Santander and Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. On May 9, 2019, this Court issued a Notice of Reassignment reassigning this case to Judge David S. Morales. The Notice of

Reassignment also notified all parties that the deadlines in scheduling orders remain in effect.

7. Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. §1391(a) as this is the district in which Defendant Empyrean has its principal place of business in which the acts giving rise to the action occurred, and in which certain property at issue is located.

### C. FACTS COMMON TO ALL COUNTS

8. At all relevant times, Empyrean and Basin were engaged in the business of selling and servicing new and used motor vehicles in various locations throughout the State of Texas including the following:

<u>Basin Subaru</u>:

| | |
|---|---|
| Location No. 1: | 2800 W. Wall Street, Midland, Texas 79703 |
| Location No. 2: | 3917 W. Wall Street, Midland, Texas 79703 |

<u>Basin Mitsubishi</u>:

| | |
|---|---|
| Location No. 3: | 3915 W. Wall Street, Midland, Texas 79703 |
| Location No. 4: | 2546 E. 8th Street, Odessa, Texas 78761 |
| Location No. 5: | 1506 N. Bryant Blvd., San Angelo, Texas 76903 |
| Location No. 6: | 5400 W. Interstate 10, San Antonio, Texas 78201 |
| Location No. 7: | 3919 W. Wall Street, Midland, Texas 79703 |

<u>Empyrean Auto Group, LLC</u>:

| | |
|---|---|
| Location No. 1: | 3615 S. Padre Island Drive, Corpus Christi, Texas 78415 |
| Location No. 2: | 6210 S. Padre Island Drive, Corpus Christi, Texas 78412 |
| Location No. 3: | 4341 S. Staples, Corpus Christi, Texas 78411 |
| Location No. 4: | 7202 South Padre Island Drive, Corpus Christi, Texas 78412 |

Location No. 5: 779 South Interstate 45, Conroe, Texas 77301

9. On or about October 3, 2017, Santander as a lender, and Empyrean and Basin (collectively, the "Dealers" or "Borrowers"), as borrowers entered into a Floorplan Financing and Security Agreement (the "Financing Agreement") pursuant to which, among other provisions, Santander agreed to make advances to the Dealers to enable the Dealers to acquire motor vehicles to sell. A true and accurate copy of the Financing Agreement is attached as Exhibit 1-A ; *See* also Affidavit of John Bowen, attached hereto as Exhibit 1, para.6; Financing Agreement, attached hereto as Exhibit 1-A.

10. The type of secured lending arrangement provided for in the Financing Agreement is so-called "floor-plan financing," in which a lender makes a specific advance to enable an automobile dealer to purchase a specific motor vehicle that the dealership will then market to retail customers.

11. As is typical of floor-plan financing arrangements, under the Financing Agreement the Dealers promised to hold all proceeds derived from the disposition of a financed motor vehicle in trust for Santander and to remit to Santander from those proceeds the amount financed with respect to the motor vehicle in accordance with the applicable provisions of the Financing Agreement.

12. In the Financing Agreement, in order to secure the repayment of the advances made by Santander, as well as interest on the advances, and certain other obligations and indebtedness described in the Financing Agreement the Dealers, granted a security interest to Santander in virtually all of their tangible and intangible personal property. Specifically, the Dealers granted a security interest to Santander in "[a]ll present and future property and rights of Dealer[s] in and to: (a) all inventory, including without limitation, all new and used motor vehicle, motorcycle, all-terrain vehicle, scooter, power sport vehicle and parts Inventory, and further including without limitation, all inventory on order, but not yet delivered to Dealer[s], and all consigned goods, and

all motor vehicles and other goods held for short or long term rental or lease and for use as so-called demonstrator vehicle and service loaner/shop rental vehicle; (b) all accounts, contract rights, chattel paper, electronic chattel paper, instruments, documents, promissory notes, and supporting obligations; and all rights and benefits under any agreement for an interest rate swap, forward rate, cap, floor, or collar, or the like, to the full extent assignable; (c) all payment intangibles and all rights to receive payment, credits, and other compensation, including without limitation, so-called "factory credits" and "open account" payments and holdbacks, incentive payments, stock rebates, allowances from any manufacturer, distributor, or supplier of motor vehicles or motorcycles, or from any of their subsidiaries or affiliates; (d) all general intangibles, franchise rights and rights under sales and service agreements, books, records, files, computer disks, software, involving or emanating from Dealer[s]'s business or assets, including without limitation, all manufacturer's statements of origin; (e) all investment property; (f) all payments and credits and accounts that Lender may owe to Dealer[s], and all funds of Dealer[s] that Lender may have or retain in its possession, whether in the form of cash collateral, reserve, contingency, escrow accounts to the extent of Dealer[s]'s interest, deposit accounts, operating accounts, or otherwise; (g) all deposit and other accounts in and with all other banks and depositories; (h) all equipment, including without limitation, all furniture, machinery, tools; (i) all fixtures; and (j) all additions, substitutions, replacements, accessories, attachments and accessions to, and all proceeds of the foregoing and of proceeds, including all motor vehicles, motorcycles and other goods received in trade, claims, and tort recoveries, insurance proceeds, refunds of insurance premiums, proceeds derived from Dealer[s]'s sale or assignment of chattel paper, and all cash and other funds held in all deposit accounts in which proceeds may be deposited" (all of the foregoing, the "Collateral"). Exhibit 1-A, Section 2.1.

Santander filed a UCC-1 financing statement to perfect its security interest in the Collateral owned by Basin with the Texas Secretary of State on September 25, 2017, Filing No. 17- 0032462005. *See* Exhibit 1-B.

Santander filed a UCC-1 financing statement to perfect its security interest in the Collateral owned by Empyrean with the Texas Secretary of State on September 25, 2017, Filing No. 17- 0032462126. *See* Exhibit 1-C.

13. Santander has performed all conditions, covenants, and promises required of it in accordance with the terms and conditions of the Financing Agreement. Pursuant to the terms of the Financing Agreement, Santander financed the acquisition of inventory, including vehicles, for the Dealers. *See* Exhibit 1, para.12.

14. Upon information and belief, on numerous occasions the Dealers sold motor vehicles that had been financed by Santander, received the proceeds and failed to remit payment to Santander, conduct described in the commercial lending industry as selling vehicles "out of trust." *See* Exhibit 1, para.13.

15. On or about July 31, 2018, Santander notified the Dealers that the Dealers had defaulted under the terms of the Financing Agreement by failing to remit payment to Santander for motor vehicles that the Dealers had sold. *See* Exhibit 1-D. Santander also notified the Dealers that interest would be charged at the default rate of interest provided for in the Financing Agreement, a rate 5% per annum greater than the otherwise applicable rate under the Financing Agreement. *Id*. at para.3.

16. On or about August 10, 2018, Santander demanded payment in full of the entire aggregate amount of advances outstanding under the Financing Agreement in the principal amount of $17,895,964.61, plus accrued but unpaid interest in the amount of $148,760.06, together with

attorneys' fees, expenses, and costs of collection as permitted by the Financing Agreement. *See* Exhibit 1-E. Subsequent to the receipt of that demand, the Dealers made nominal payments, but did not remit the total outstanding balance due and owing. *See* Exhibit 1, para.14.

17. On or about August 20, 2018, Santander demanded payment in full of the entire aggregate amount of advances outstanding under the Financing Agreement, plus accrued but unpaid interest, together with attorneys' fees, expenses, and costs of collection as permitted by law and the Indebtedness. *See* Exhibit 1-F.

      **D.    COUNT I: CLAIM AGAINST EMPYREAN, BASIN LILLARD AND MARTINEZ FOR AMOUNTS OUTSTANDING UNDER THE FINANCING AGREEMENT**

18. On or about October 3, 2017, Lillard signed a written unlimited guaranty of all of the obligations of Empyrean and Basin to Santander. A true and accurate copy of Lillard's guaranty is annexed hereto as Exhibit 1-G.

19. On or about October 3, 2017, Martinez signed a written unlimited guaranty of all of the obligations of Empyrean and Basin to Santander. A true and accurate copy of Martinez' guaranty is annexed hereto as Exhibit 1-H.

20. On or around January 11, 2019, Borrowers were notified of Default for the sale of assets without payment to Santander, and requested payment in full. A true and accurate copy of the January 11, 2019 demand is annexed hereto as Exhibit 1-I.

21. As of February 22, 2019, there is unpaid due and owing to Santander under the provisions of the Financing Agreement, the amount of $12,513,342.30, plus costs and expenses including reasonable fees of attorneys, and interest continues to accrue on the foregoing amount. Exhibit 1, para.10. Payment in the amount of $711,000 was received by Santander, and will reduce certain outstanding amounts.

22. Empyrean, Basin, Lillard, and Martinez are justly indebted to Santander in the foregoing amount, which is immediately due and payable. Despite demands for payment, Borrowers, Lillard and Martinez, have not made payment in full. Failure to pay is a breach of the Financing Agreement for which Santander seeks recovery.

### E. APPOINTMENT OF A RECEIVER FOR EMPYREAN AUTO GROUP, LLC AND BASIN SUBARU, LLC

23. Santander seeks appointment of a receiver to manage Basin and Empyrean's corporate assets under Federal Rule of Civil Procedure 66, and Texas Business and Commerce Code §24.008(3)(B), as Santander has a valid claim for breach of contract and assets have been transferred without payment to Santander, in violation of the Financing Agreement and the Uniform Fraudulent Transfer Act. Santander seeks a hearing at the earliest convenience of the Court.

### F. DAMAGES AND ATTORNEY FEES

24. Santander is also entitled to attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code and the Financing Agreement.

### CONDITIONS PRECEDENT

25. All conditions precedent to Santander's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied, or fully performed.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Santander Bank, N.A. demands judgment against Defendants as follows:

    a. On Count I, that judgment enter against the Defendants Empyrean Auto Group, LLC, Basin Subaru, LLC, Ronald J. Lillard and Pete Martinez, Jr. for all

amounts outstanding under the Financing Agreement, together with interest, attorney's fees and costs of suit;

b. Appointment of a receiver to take control and custody of Basin and Empyrean's property, with the power and authority to manage their business affairs;

c. An award of compensatory damages as permitted by statute or law;

d. An award of pre- and post- judgment interest;

e. An award of attorney's fees and expenses; and

f. Such other and further relief as to the Court may appear just and proper, both at equity and in law.

Dated this 13th day of May, 2019.

Respectfully submitted,

COKINOS | YOUNG

Las Cimas IV
900 S. Capital of Texas Highway
Suite 425
Austin, Texas 78746
(512) 476-1198 (Direct)
(512) 610-1184 (Fax)

By: /s/ *Stephanie H. Cook*
STEPHANIE H. COOK
Attorney in Charge
S.D. No. 396487
State Bar No. 24013071
scook@cokinoslaw.com

**ATTORNEYS FOR PLAINTIFF
SANTANDER BANK, N.A.**

## CERTIFICATE OF SERVICE

I certify that on May 13, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically serve a Notice of Electronic Filing on all attorneys of record.

*/s/ Stephanie H. Cook*
Stephanie H. Cook