# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No._____ |
| EMPYREAN AUTO GROUP, LLC, BASIN SUBARU, LLC, CAH-DHL AUTOMOTIVE, LLC, RONALD J. LILLARD, PETE MARTINEZ, JR., PMRL INVESTMENTS, LLC, HICKS FAMILY SUBARU, LLC, AND J.P. MORGAN CHASE | § § § § § § § § § | |
| Defendants. | § § | |

## AFFIDAVIT OF JOHN BOWEN

"I, John Bowen, first being duly sworn, on oath states:

1. I am a resident of Massachusetts, am over the age of eighteen (18) years of age, and am fully competent to make this affidavit. I make this affidavit of my own personal knowledge except for those assertions made upon information and belief as to which I have been informed and believe them to be true. I could, if called as a witness, testify competently to each fact set forth herein.

2. I am a Vice President of Santander Bank, N.A. ("Santander"), and am employed as a commercial workout officer. My office address is: Santander Bank, N.A., 446 Main Street, Worcester, MA 01608.

3. As a part of my duties at Santander, I am responsible for the loan account maintained by Santander with respect to Empyrean Auto Group, LLC and Basin Subaru, LLC (collectively called, "Borrowers"). Upon information and belief, all recording or tracking of payments and other transactions relating to that loan account was made at or near the time of

the occurrence by a person with knowledge of the transaction, and all records referred to in this Affidavit relating to this account were kept in the ordinary course of the business of Santander and as a regular practice of Santander.

4. I have reviewed the Complaint and Application for Injunctive Relief in this matter and the various documents attached as exhibits thereto. The allegations contained in the Complaint are true and accurate either in accordance with my personal knowledge or based upon my review of Santander's business records. For ease of reference, specific documents defined by specific terms in the Complaint are referenced herein by use of the same specific terms.

5. Santander maintains, in the ordinary course of its business, electronically imaged loan documents and other records for all its accounts. Upon information and belief, these computerized documents and records are originally created at or around the time in which a particular deal is finalized. As part of Santander's regular business activities, an employee of Santander, with the business duty to do so accurately, either with personal knowledge of the terms of the loan or lease or through information transmitted by such a person, enters the key terms and conditions into Santander's computer system. An Electronic account for Borrowers was set up by Santander pursuant to regular business practice. The electronic account of Borrowers was created in the ordinary course of Santander's business and as a regular activity and that the information in that account was entered at or near the time the agreement was entered into, by a person or persons with personal knowledge of the agreement or through information transmitted by such a person.

6. Upon information and belief, the documents attached as Exhibits A-I, to my affidavit, and the Complaint filed in this matter were all made at or near the time of which

they are dated, and these documents were promptly digitized into Santander's computer system, where they are indexed and stored. Santander maintains the following documents in the ordinary course of business and as a regular practice of Santander:

    a. The Financing Agreement between Santander and Borrowers, dated October 3, 2017 (the "Indebtedness"). A true and correct copy of the Indebtedness is attached to the Petition as Exhibit 1-A.

    b. Santander filed a UCC-1 financing statement to perfect its security interest in Basin's Collateral with the Texas Secretary of State on September 25, 2017, Filing No. 17-0032462005. *See* Exhibit 1-B.

    c. Santander filed a UCC-1 financing statement to perfect its security interest in Empyrean's Collateral with the Texas Secretary of State on September 25, 2017, Filing No. 17-0032462126. *See* Exhibit 1-C.

    d. On or about July 31, 2018, Santander notified Borrowers by mail that Borrowers had defaulted under the terms of the Indebtedness by failing to remit payment to Santander. Santander notified Borrowers that interest would be charged pursuant to the default rate of 5%, as permitted by the Indebtedness. *See* Exhibit 1-D.

    e. On or about August 10, 2018, Santander notified Borrowers by mail that because Borrowers had failed to cure the default, Santander, pursuant to the Indebtedness, was accelerating the loan balance. Santander demanded immediate payment of the outstanding indebtedness in the principal amount of $17,895,964.61, plus accrued but unpaid interest in the amount of $148,760.06, together with attorneys' fees, expenses, and costs of collection as permitted by the Indebtedness. *See* Exhibit 1-E.

f. On to about August 20, 2018, Santander notified Borrowers by Certified Mail Return Receipt Requested, United States Regular Mail and electronic mail that Borrowers had failed to cure the default. *See* Exhibit 1-F.

g. On or about October 3, 2017, Lillard signed a written unlimited guaranty of all of the obligations of Empire and Basin to Santander. A true and accurate copy of Lillard's guaranty is annexed hereto as Exhibit 1-G.

h. On or about October 3, 2017, Martinez signed a written unlimited guaranty of all of the obligations of Empire and Basin to Santander. A true and accurate copy of Martinez' guaranty is annexed hereto as Exhibit 1-H.

i. On or around January 11, 2019, Borrowers were notified of Default for the sale of assets without payment to Santander, and requested payment in full. A true and accurate copy of the January 11, 2019 demand is annexed hereto as Exhibit 1-I.

## The Default

7. Santander also maintains electronic records of bills issued for each account and payments made on each account. Santander maintains these payment records in the ordinary course of their business and as a regular practice. Upon information and belief, each entry on the electronic accounts of Borrowers were made either automatically by Santander's computer system, or by an employee of Santander, at or near the time the occurrence of the event, prompting the entry of data into Santander's computer system as part of the ordinary course of Santander's businesses and kept in the course of regularly conducted activity and as a regular practice of Santander.

8. According to Santander's books and records, Borrowers have failed to make payments due under the Indebtedness since June 21, 2018.

9. Pursuant to the terms of the Indebtedness, the entire amounts due thereunder have been accelerated by letter dated August 10, 2018. Ex. 1-E.

10. According to Santander's books and records, the amounts due and owing, as of February 22, 2019, after acceleration and not including attorneys' fees and costs, totaled, as per the Indebtedness:

Empyrean Auto Group, LLC

Principal: $8,839,661.31
Interest: $ 582,928.12

Basin Subaru, LLC

Principal: $2,790,251.98
Interest: $ 300,500.93

11. Under the Indebtedness, Borrowers are obligated to pay the attorneys' fees and costs, and fees for representatives for protecting collateral, incurred by Santander in the enforcement of its rights thereunder, including this lawsuit.

12. Santander has performed any and all conditions and obligations required of it under the Indebtedness.

## Sales "Out of Trust" and Transfer of Assets without Consent

13. In June of 2018, Santander discovered that Borrowers were failing to remit payments to Santander for cars sold, commonly known as selling "out of trust," or "SOT." Santander sent notice of default and requested that Borrowers remit funds, which Borrowers did not remit in full. Borrowers have sold inventory without making a payment to Santander, in violation of the terms of the Indebtedness. Mr. Lillard and Mr. Martinez have admitted to sales without payment to Santander. I have had conversations with each Borrower to advise each of them of the transfers as breaches of the Financing Agreement.

14. On or around December 2018, Empyrean informed Santander of a sale to CAH-DHL, of substantially all of the assets of Empyrean Auto Group, LLC without remitting funds owed to Santander. Santander notified Borrowers that the sale was without consent and in violation of the terms of the Financing Agreement. Borrowers have not remitted funds for sold collateral to Santander in an amount of $776,000.00. Demand for payment was made on January 11, 2019, as contained in Exhibit 1-I. To date, Borrowers have not remitted funds to Santander.

FURTHER AFFIANT SAYETH NOT.

_____
John Bowen

SWORN TO AND SUBSCRIBED before me on this the 15 day of March, 2019.

_____
Notary Public, State of Massachusetts



**YIN DENG**
Notary Public, Commonwealth of Massachusetts
My Commission Expires June 29, 2023