# EXHIBIT 1-H

**UNLIMITED GUARANTY**

TO: Santander Bank, N.A., together with its successors and assigns (the "Lender")

RE: Empyrean Auto Group, LLC (the "Borrower")

Pete Martinez, Jr. (the "Guarantor")

DATE: _____10/02_____, 2017

To induce you to make, continue to make, or at any time in the future make loans, advances, or grant other financial accommodations to the Borrower, in consideration thereof and for loans, advances or financial accommodations heretofore or hereafter granted by you to or for the account of the Borrower, the undersigned Guarantor absolutely and unconditionally guarantees the full and punctual payment to you of all sums which may be presently due and owing and of all sums which shall in the future become due and owing to you from the Borrower, including, without limitation, interest, attorneys' fees and other amounts accruing after the filing of a petition in bankruptcy by or against Borrower, notwithstanding the discharge of Borrower from such obligations, together with all costs and expenses incurred by you including attorneys' fees in connection with such obligations, this Unlimited Guaranty (the "Guaranty") and the enforcement thereof, and also guarantees the due performance by the Borrower of all its obligations under all other present and future contracts and agreements with you. This is a guaranty of payment and not collection.

The Lender may enforce this Guaranty on multiple occasions, each time without the necessity of joinder of any other Guarantors or any other person. This Guaranty shall remain in full force and effect until all obligations of Borrower are unconditionally paid in full.

Guarantor also agrees that:

(1) this Guaranty shall not be impaired by any modification, supplement, extension, renewal or amendment of any contract or agreement to which the parties thereto may hereafter agree, nor by any modification, increase, release or other alteration of any of the obligations hereby guaranteed or of any security therefor, nor by any agreements or arrangements whatsoever with the Borrower or anyone else, all of which may be done without notice to Guarantor;

(2) the liability of Guarantor hereunder is direct and unconditional and due immediately upon default of the Borrower without demand or notice and without requiring you first to resort to any other right, remedy or security;

(3) Guarantor shall have no right of subrogation, reimbursement or indemnity whatsoever, nor any right of recourse to security for the debts and obligations of the Borrower to you;

(4) the liability of Guarantor is unlimited and joint and several with the liabilities of any other guarantors;

(5) if the Borrower or Guarantor or any other guarantor should at any time become insolvent or make a general assignment, or if a petition in bankruptcy or any insolvency or reorganization proceedings shall be filed or commenced by, against or in respect of the Borrower or Guarantor, or any other guarantor of the obligations guaranteed hereby, any and all obligations of Guarantor shall be immediately due and payable without notice;

1

11096286-6

EXHIBIT 1-H

(6) your books and records showing the account between you and the Borrower shall be admissible in any action or proceeding, and shall constitute conclusive proof thereof absent manifest error;

(7) this Guaranty is, as to Guarantor, a continuing Guaranty that shall remain effective under successive transactions until expressly terminated as hereinafter provided;

(8) this Guaranty may be terminated as to Guarantor only by giving to Lender ninety (90) days' prior written notice by registered or certified mail, and thereupon this Guaranty shall terminate with respect to Guarantor only at the expiration of said ninety (90) day period, which shall then be the effective date of termination, and that such termination shall be applicable only to transactions having their inception after the effective date of termination and shall not affect rights and obligations arising out of transactions or indebtedness or extensions or renewals thereof having their inception prior to such date, including renewals, extensions, modifications and refinancings of such prior transactions, and also extensions of credit made pursuant to a commitment previously made by you;

(9) the death of Guarantor shall not effect the termination of this Guaranty;

(10) termination of any guaranty of the obligations guaranteed hereby by any other guarantor shall not affect the continuing liability hereunder of Guarantor;

(11) nothing shall discharge or satisfy the liability of Guarantor hereunder except the full indefeasible payment and performance of all of the Borrower's debts and obligations to you with interest and costs of collection;

(12) this Guaranty shall not be affected by the illegality, invalidity or unenforceability of the obligations guaranteed, by any fraudulent, illegal or improper act by the Borrower, the legal incapacity or any other defense of the Borrower, Guarantor or any other person obligated to you consequential to transactions with the Borrower nor by the invalidation, by operation of law or otherwise, of all or any part of the obligations guaranteed hereby, including but not limited to any interest accruable on the obligations guaranteed hereby during the pendency of any bankruptcy or receivership proceeding of the Borrower;

(13) any and all present and future debts and obligations of the Borrower to Guarantor are hereby waived and postponed in favor of and subordinated to the full indefeasible payment and performance of all present and future debts and obligations of the Borrower to you, and Guarantor shall accept no payments on any such debts and obligations except to the extent permitted by you in writing;

(14) Guarantor hereby grants to the Lender a continuing lien and security interest in all deposits or other sums at any time credited by or due from the Lender or any of its banking or lending affiliates, any bank acting as a participant under any loan arrangement between the Lender and Guarantor or the Borrower or any third party acting on the Lender's behalf (collectively, the "Lender Affiliates" and for these purposes, Santander Consumer USA, Inc. is deemed a Lender Affiliate) to Guarantor and any property of Guarantor at any time in the Lender's or any Lender Affiliate's possession whether for safekeeping or otherwise, or in transit to or from the Lender or any Lender Affiliate (regardless of the reason the Lender or Lender Affiliate had received the same or whether the Lender or Lender Affiliate has conditionally released the same) as security for the full and punctual payment and performance of all of the obligations guaranteed hereby, and such deposits and other sums may be applied or set off against such obligations at any time, whether or not such are then due, whether or not demand has been made and whether or not other collateral is then available to the Lender or any Lender Affiliate;

(15) if at any time payment of all or any part of the obligations guaranteed hereunder is rescinded or otherwise must be restored by you to the Borrower or to the creditors of the Borrower or any

2

11096286-6

EXHIBIT 1-H

representative of the Borrower or representative of the Borrower's creditors as a voidable preference or fraudulent transfer of conveyance upon the insolvency, bankruptcy or reorganization of the Borrower or Guarantor, or to the creditors of Guarantor or any representative of Guarantor or representative of the creditors of Guarantor upon the insolvency, bankruptcy or reorganization of Guarantor or otherwise, this Guaranty shall continue to be effective or be reinstated, as the case may be, as though such payments had not been made, and shall survive as an obligation of Guarantor, and shall not be discharged or satisfied by said payment or payments, notwithstanding the return of the original of this Guaranty to Guarantor or to the Borrower, or any other apparent termination of Guarantor's obligations hereunder;

(16) any rights and remedies available to you under this Guaranty are cumulative, and not exclusive of any rights and remedies otherwise available to you;

(17) your delay or omission in exercising any of your rights and remedies shall not constitute a waiver of these rights and remedies, nor shall your waiver of any right or remedy operate as a waiver of any other right or remedy available to you. Your waiver of any right or remedy on any one occasion shall not be considered a waiver of same on any subsequent occasion, nor shall this be considered to be a continuing waiver;

(18) it shall indemnify and hold you and your directors, officers, employees, agents and attorneys harmless against all claims, obligations, demands and liabilities, by whomsoever asserted, and against all losses in any way suffered, incurred or paid as a result of or in any way arising out of or following or consequential to transactions with the Borrower, except for any claim arising out of the gross negligence or willful misconduct of the Lender, its officers, directors, employees or agents;

(19) this Guaranty incorporates all discussions and negotiations between you and Guarantor concerning the guaranty and indemnification provided by the undersigned hereby, and that no such discussions or negotiations shall limit, modify, or otherwise affect the provisions hereof, there are no preconditions to the effectiveness of this Guaranty and that no provision hereof may be altered, amended, waived, canceled or modified, except by a written instrument executed, sealed and acknowledged by your duly authorized officer;

(20) this Guaranty and all documents which have been or may be hereinafter furnished by Guarantor to you may be reproduced by you by any photographic, electronic, photostatic, microfilm, xerographic or similar process, and that any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business); and

(21) Guarantor shall deliver to you (i) annually, no later than 15 days after filing, a signed copy of Guarantor's filed federal tax return for the prior year, (ii) annually, concurrently with the tax return described in clause (i), a signed personal financial statement of Guarantor if Guarantor is an individual, in form and detail satisfactory to Lender, and (iii) any other information, documents, and/or records upon request by Lender; and Guarantor represents and warrants the accuracy of any information contained in any of the foregoing.

Guarantor waives: notice of acceptance hereof, presentment and protest of any instrument and notice thereof, notice of default and all other notices to which Guarantor might otherwise be entitled; and any and all defenses, including without limitation, any and all defenses which the Borrower or any other party may have to the fullest extent permitted by law, any defense to this Guaranty based on impairment of collateral or on suretyship defenses of every type, and any right to exoneration or marshalling. To the extent that s/he lawfully may, Guarantor hereby further agrees not to invoke any law relating to the marshalling of collateral which might cause delay in or impede the enforcement of the Lender's rights

3

11096286-6

EXHIBIT 1-H

under this Guaranty or otherwise respecting the guaranteed obligations, and to the extent that he lawfully may do so, Guarantor hereby irrevocably waives the benefits of all such laws. Except as otherwise provided by applicable law, the Lender shall have no duty as to the collection or protection of any collateral, if any, securing the guaranteed obligations beyond the safe custody thereof.

Guarantor will from time to time execute and deliver to the Lender, and take or cause to be taken, all such other further action as the Lender may request in order to effect and confirm or vest more securely in the Lender all the rights contemplated in this Guaranty or respecting any of the obligations guaranteed hereby or to comply with applicable statute or law.

This Guaranty, all acts and transactions hereunder, and the rights and obligations of the parties hereto shall be governed, construed and interpreted according to the internal laws of The State of New York, shall be binding upon the heirs, executors, administrators, successors and assigns of Guarantor and shall inure to the benefit of your successors and assigns.

If any provision of this Guaranty is found to be invalid, illegal or unenforceable, or this Guaranty is for any reason not enforceable against any Guarantor, the validity of the remainder of the Guaranty and/or its validity against other Guarantors shall not be affected.

Any and all matters in dispute between the Guarantor and the Lender, whether arising from or relating to this Guaranty itself, or arising from alleged extra-contractual facts prior to, during, or subsequent to this Guaranty, including, without limitation, fraud, misrepresentation, negligence or any other alleged tort or violation of the contract, shall be governed by, construed, and enforced in accordance with the laws of New York, regardless of the legal theory upon which such matter is asserted. This Guaranty has been accepted by Lender at its office in Boston, Massachusetts. Guarantor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Boston, Massachusetts, over any suit, action or proceeding arising out of or relating to this Guaranty. Guarantor irrevocably waives, to the fullest extent he may effectively do so under applicable law, any objection he may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. Guarantor hereby consents to any and all process which may be served in any such suit, action or proceeding, (i) by mailing a copy thereof by registered and certified mail, postage prepaid, return receipt requested, to Guarantor's address on Lender's records and (ii) by serving the same upon Guarantor in any other manner otherwise permitted by law, and agrees that such service shall in every respect be deemed effective service upon Guarantor.

Guarantor's damages under this Guaranty and for all other relations between the parties are expressly limited to the actual dollar amount of Guarantor's economic or financial loss. In no event will the total amount of damages for which Lender is liable exceed an amount equal to the total interest assessed and actually paid by Borrower to Lender on floorplan advances and other obligations in the twelve (12) month period immediately prior to Guarantor's claim. For certainty, this limitation shall be read in conjunction with any such limitation found in any other agreements between Lender and Guarantor, Borrower, or any of Borrower's or Guarantor's affiliates, such that the limit stated herein shall be the aggregate maximum amount of damages, rather than a separate limit to be added to the limit(s) found in the other agreements. Guarantor may not assert a claim, and Lender shall not be liable for, punitive, exemplary, consequential, or incidental damages.

This Guaranty is secured by, and entitled to the benefit, <u>inter alia</u>, of any and all collateral previously or hereafter delivered by Guarantor to Lender. Guarantor irrevocably and unconditionally consents to the Lender's entering any premises where any such collateral is situated to remove and/or dispose of such collateral.

4

11096286-6

EXHIBIT 1-H

Guarantor hereby agrees that a default under any agreement between Borrower and Lender (allowing for express grace periods, if any) shall constitute a default under all agreements between Guarantor and Lender.

To the extent California law applies, Guarantor waives any and all rights and defenses that are, or may become, available to Guarantor pursuant to California Civil Code §2787 through §2856, inclusive, and §3433. Guarantor waives all rights and defenses arising out of an election of remedies by Lender, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a guaranteed obligation, has destroyed Guarantor's rights of subrogation and reimbursement against Borrower by the operation of Section 580d of the California Code of Civil Procedure or otherwise. Guarantor waives all rights and defenses that Guarantor may have because any Borrower's Obligations are secured by real property. This means, among other things: (a) Lender may collect from Guarantor hereunder, without first foreclosing on any real or personal property collateral pledged by any Borrower; and (b) if Lender forecloses on any real property collateral pledged by any Borrower, (i) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price, and (ii) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from any Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because any Borrower's Obligations are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.

[End of page; the next page is the signature page]

EXHIBIT 1-H

GUARANTOR AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS GUARANTY, THE OBLIGATIONS GUARANTEED HEREBY, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED. GUARANTOR CERTIFIES THAT NEITHER THE LENDER NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

This Unlimited Guaranty is executed as an instrument under seal as of the date first above written.

_____
Pete Martinez, Jr., individually

EXHIBIT 1-H