UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTANDER BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00088 |
| | § | |
| EMPYREAN AUTO GROUP, LLC, | § | |
| BASIN SUBARU, LLC, RONALD J | § | |
| LILLARD, AND PETE MARTINEZ, JR., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' JOINT DISCLOSURE OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME all of the Defendants in this cause, and pursuant to Federal Rule of Civil Procedure 26(a)(2), and the parties' active scheduling order dated August 8, 2019, files this, their Joint Disclosure of Expert Witnesses, which is attached hereto as **Exhibit "A"**. It is the specific intention of Defendants in filing this Joint Disclosure of Expert Witnesses to supplement each and every response to each and every discovery request propounded to Defendants which pertains to expert witnesses. To that extent, Defendants rely on and incorporate this disclosure as their supplemental response to discovery requests propounded by Plaintiff.

                              Respectfully submitted by:

                              */s/ John M. Kash*

                              Stephen M. Pocsik
                              Texas Bar No. 24074905
                              Federal Admissions No. 1420485
                              spocsik@brockettmcneel.net
                              John Kash (*pro hac vice approved*)

---

Defendants' Joint Disclosure of Expert Witnesses                                                   1

Texas Bar No. 24091831
jkash@brockettmcneel.net
BROCKETT & MCNEEL, LLP
TGAAR Tower
24 Smith Road, Suite 400
Midland, Texas 79705
Telephone: (432) 686-7743
Facsimile: (432) 683-6229
**Counsel for Defendants, Pete Martinez, Jr. and Basin Subaru, LLC**

AND

*/s/ Nathaniel Peter Holzer (with permission)*
Nathaniel Peter Holzer
S.D. Bar No. 21503
Texas Bar No. 00793971
JORDAN, HOLZER & ORTIZ, PC
500 North Shore Line Blvd., Suite 900
Corpus Christi, Texas 78401-0341
Telephone: (361) 884-5678
Facsimile: (361) 888-8888
pholzer@jhwclaw.com
**Counsel for Defendants, Ronald J. Lillard and Empyrean Auto Group, LLC**

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a true and correct copy of the above and foregoing has been forwarded this 3rd day of December 2019, to the below designated counsel via email and PACER.

Stephanie H. Cook
COKINOS | YOUNG
scook@cokinoslaw.com
**Counsel for Plaintiff,**
**Santander Bank, N.A.**

                                                                                                  John M. Kash

# EXHIBIT "A"

## DEFENDANTS' JOINT DISCLOSURE OF EXPERT WITNESSES

**NON-RETAINED TESTIFYING EXPERTS**

The following persons are those not required to provide a written report and may be used by Defendants to present evidence at trial under Federal Rules of Evidence 702, 703, and/or 705:

1) **Pete Martinez, Jr.**
   c/o BROCKETT & MCNEEL, LLP
   24 Smith Road, Suite 400
   Midland, Texas 79705
   432-686-7743

   Mr. Martinez is one of the named Defendants in this lawsuit. Mr. Martinez is also one of the principal owners of Defendants, Basin Subaru, LLC and Empyrean Auto Group, LLC. Through these entities, Mr. Martinez has co-owned, co-operated, co-managed, and/or co-controlled multiple automobile dealerships in the State of Texas. With the knowledge and experience Mr. Martinez has acquired over his many years of co-owning and operating automobile dealerships, Mr. Martinez may testify in this lawsuit as an expert witness regarding the reasonable, customary, and standard business and financial practices of owning and operating an automobile dealership in the State of Texas. Mr. Martinez may also testify regarding the reasonableness of the Key Keepers' actions in this case, as compared to industry custom, as well as the negative impact those actions had on the dealership(s) co-owned and operated by Mr. Martinez.

2) **Ronald J. Lillard**
   c/o JORDAN, HOLZER & ORTIZ, PC
   500 North Shore Line Blvd., Suite 900
   Corpus Christi, Texas 78401
   (361) 884-5678

   Mr. Lillard is one of the named Defendants in this lawsuit. Mr. Lillard is also one of the principal owners of Defendants, Basin Subaru, LLC and Empyrean Auto Group, LLC. Through these entities, Mr. Lillard has co-owned, co-operated, co-managed, and/or co-controlled multiple automobile dealerships in the State of Texas. With the knowledge and experience Mr. Lillard has acquired over his many years of co-owning and operating automobile dealerships, Mr. Lillard may testify in this lawsuit as an expert witness regarding the reasonable, customary, and standard business and financial practices of owning and operating an automobile dealership in the State of Texas. Mr. Lillard may also testify regarding the reasonableness of the Key Keepers' actions in this case, as compared to industry custom, as well as the negative impact those actions had on the dealership(s) co-owned and operated by Mr. Lillard.

**3) Stephen M. Pocsik**
**John M. Kash**
BROCKETT & MCNEEL, LLP
24 Smith Road, Suite 400
Midland, Texas 79705
432-686-7743

Mr. Pocsik and Mr. Kash are Basin Subaru, LLC's and Pete Martinez, Jr.'s attorneys. As such, Mr. Pocsik and/or Mr. Kash may testify as expert witnesses regarding the necessity and reasonableness of the attorneys' fees and expenses incurred by the parties in the defense and prosecution of this lawsuit, based upon their experience and knowledge.

**4) Nathaniel P. Holzer**
JORDAN, HOLZER & ORTIZ, PC
500 North Shore Line Blvd., Suite 900
Corpus Christi, Texas 78401
(361) 884-5678

Mr. Holzer is Empyrean Auto Group, LLC's and Ronald J. Lillard's attorney. Mr. Holzer may testify as an expert witness regarding the necessity and reasonableness of the attorney's fees and expenses incurred by the parties in the defense and prosecution of this lawsuit, based upon his experience and knowledge.

**5) Other Non-Retained Experts**

Defendants also disclose the following individuals and/or entities, which may also be called to testify at trial regarding their mental impressions, perceptions, and opinions of the issues in this lawsuit:

- Any other persons or entities named by any party as fact witnesses.

- Any and all persons listed as persons with knowledge of relevant facts in this lawsuit who are qualified by their training, experience and/or education to offer opinion testimony, as well as their custodian of records, if any.

- Any and all persons identified during depositions or whose name appears on the transcript of any deposition taken in this case.

- Any and all persons whose statements may have been taken regarding the incident(s) made the basis of this lawsuit.

- Any and all persons referred to and/or identified in any document which has been or will be produced in response to any Request for Production by all parties in this lawsuit and in supplementation thereof.

- Any and all persons referred to and/or identified in any answer to an interrogatory

- Any and all persons whose name is reflected in any document which has been or will be submitted to the Court by affidavit.

- Any and all persons whose name is reflected in any document which has been or will be subpoenaed by any party.

- Any and all individuals designated as expert witnesses by Plaintiff in this lawsuit and in supplementation thereof. In so doing, Defendants do not vouch for or adopt the qualifications or opinions of those experts.

- Any and all individuals designated as rebuttal witnesses by Plaintiff in this lawsuit and in supplementation thereof.

By this disclosure, Defendants do not necessarily vouch for the degree or extent to each individual's expertise, nor do Defendants necessarily adopt, vouch for, or support all of the opinions, or the factual basis thereof, with respect to these individuals. In fact, many of the individuals are probably adverse to the positions taken by Defendants. Thus, the purpose of this disclosure is to permit Defendants to examine and cross-examine the individuals to elicit testimony in the form of "expert" testimony, as that term is defined and applied under the applicable laws and rules.

The subject matter of each of the non-retained experts are also contained within their respective records pertaining to this case, and in the case where a non-retained expert gives a deposition in this lawsuit, the subject matter of their testimony will also be included in each of their respective depositions.

Defendants reserve the right to elicit and use expert opinion testimony expressed live or in deposition testimony taken prior to trial or contained in affidavits on file in this case.

Defendants reserve the right to withdraw the designation of expert witness and to re-designate the witness as a consulting witness who cannot be called by opposing counsel.

Defendants reserve the right to call undesignated expert witnesses in rebuttal, whose identities and testimony cannot reasonably be foreseen until Plaintiff has presented its evidence at trial.

Defendants reserve the right to elicit by cross-examination the opinion testimony of expert witnesses disclosed and called by Plaintiff.

It is the intention of Defendants to present at trial of this matter and introduce as evidence the testimony of relevant fact witnesses who, during the course of their deposition testimony or their trial testimony, or both, may provide opinions that might be considered expert opinions. Defendants expressly reserve the right to present such testimony as expert witness testimony by said witnesses, whether or not said witnesses are known to Defendants as of the

date of this disclosure, or become known hereinafter, such is necessary for Defendants to present their case to the jury in this matter and obtain a fair and just trial on the merits.

Defendants reserve the right to amend and/or supplement this Joint Disclosure of Expert Witnesses after further investigation of this matter, upon the receipt of new information, and prior to trial. Defendants further reserve the right to amend and/or supplement this Joint Disclosure of Expert Witnesses upon the completion of discovery in this case.

Defendants reserve the right to withdraw the disclosure of any expert witness and to aver positively that such disclosed expert witness will not be called as a witness at trial.